```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ROBERT MICKENS,

                    Petitioner,        MEMORANDUM & DECISION
                                       05-CV-6117(JS)
          -against-

SUPERINTENDENT, WILLIAM BROWN,

                    Respondent.
----------------------------------------X
APPEARANCES:
For Petitioner:      Robert Mickens, pro se
                     01-A-6325
                     Eastern Correctional Facility
                     P.O. Box 338
                     Napanoch, NY 12458-0338

For Respondent:      Thomas J. Spota, Esq.
                     District Attorney of Suffolk County
                     Criminal Courts Building
                     200 Center Drive
                     Riverhead, New York 11901
                     By: ADA Michael Herman Blakey, Esq.
```

SEYBERT, District Judge:

Petitioner Robert Mickens seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Mickens has also moved to compel discovery and for an evidentiary hearing. For the foregoing reasons, Mr. Mickens' petition is DENIED and his other pending motions are DENIED AS MOOT.

## BACKGROUND

On November 28, 2000, at approximately 9:20 p.m., a burglar broke into 10 Abruse Street in Bay Shore, New York, attempting to steal a purse or money. Ten minutes later, a burglar broke into a home two blocks south, at 18 Antarctic Street, where the burglar successfully stole a purse. Two hours later, the

police arrested Mr. Mickens in connection with these crimes.

Mr. Mickens claims that, following his arrest, the police beat him several times and sprayed mace in his eyes. Mr. Mickens further claims that a police officer offered him a cigarette, and then planted Mr. Mickens' smoked cigarette at the crime scene.

Indictment I-2624-2000 ("2624 Indictment") soon issued, charging Mr. Mickens with Burglary in the First Degree and Robbery in the First Degree in connection with the crimes committed at 18 Antarctic Street. This indictment also charged Mr. Mickens with Resisting Arrest. The 2624 Indictment did not, however, cover the burglary committed at 10 Abruse Street.

Between December 5, 2000 and July 24, 2001, the case was adjourned repeatedly upon Mr. Mickens' request. (Resp. Answer at ¶ 4). On July 24, 2001, Indictment I-1611-2001 ("1611 Indictment") issued. The 1611 Indictment charged Mr. Mickens with the same offenses listed in the 2624 Indictment and, in addition, added a charge of Burglary in the Second Degree in connection with the 10 Ambrose Street break-in. Respondent claims that the 1611 Indictment validly superceded the 2624 Indictment. Mr. Mickens originally concurred with Respondent's theory, contending that the 1611 Indictment "superceded" the 2624 Indictment, and that the Court verbally granted the Government's motion to consolidate the two indictments (which Mr. Mickens contended was procedurally improper). (Petition at ¶¶ 3-5). But, during the course of

2

pursuing his habeas petition, Mr. Mickens changed theories. He now contends that the 2624 Indictment was dismissed in his favor. Thus, Mr. Mickens argues, the 1611 Indictment is defective on its face, as it purported to charge him with offenses that he had already prevailed upon.

On October 23, 2001, Mr. Mickens pled guilty to two counts of Attempted Burglary in the Second Degree in satisfaction of the 1611 Indictment. Before accepting Mr. Mickens' plea, the Court inquired into whether Mr. Mickens was pleading guilty of his "own free will." (Plea Tr. 6).[1] Under oath, Mr. Mickens affirmed that he was. The Court then inquired into whether Mr. Mickens' plea was knowing and intelligent. Specifically, the Court asked him if he understood that, by pleading guilty, he was waiving his rights to: (1) go to trial; (2) confront the witnesses against him; (3) call witnesses on his own behalf; (4) have his fate decided by a judge or jury; (5) not incriminate himself; and (6) appeal his conviction. (Plea. Tr. 7-12). Mr. Mickens affirmed that he understood he was waiving these rights. (Plea Tr. 7-12). The Court also informed him that, by pleading guilty, he would be sentenced to a term of between 14 years and life, and that his plea would have the same effect as a conviction after trial. (Plea Tr. 8, 11, 12). Again, Mr. Mickens affirmed that he understood these

---

[1] The plea transcript does not contain page numbers. The Court calculated the appropriate page numbers itself.

consequences of his plea. And the Court further inquired to make sure Mr. Mickens understood that, except for his sentence and the Government's promise not to indict him for a third burglary, he was not promised anything in exchange for his plea. (Plea Tr. 11). In response, Mr. Mickens affirmed that he had received no other promises. (Plea Tr. 11). Only after this lengthy colloquy did Mr. Mickens allocute to the crimes charged in the 1611 Indictment.

On November 19, 2001, the Court sentenced Mr. Mickens, as a persistent felony offender, to an indeterminate term of 14 years to life in connection with his guilty plea.

On February 2002, Mr. Mickens moved, pro se, to vacate his sentence and the judgment against him, alleging that the Government improperly obtained his conviction. On March 26, 2002, the County Court of Suffolk County denied Mr. Mickens' motion.

On March 14, 2002, while his motion to vacate was still pending, Mr. Mickens filed an untimely notice of appeal. On May 14, 2002, the New York Appellate Division, Second Department, denied this appeal.

On January 20, 2005, Mr. Mickens again moved to vacate the judgment and set aside his sentence, claiming that his attorney erred in advising him to plead guilty, and that the superceding indictment violated statutory speedy trial limitations. On August 5, 2005, the County Court of Suffolk County denied that motion. Mr. Mickens filed for leave to appeal before the New York Appellate

Division, Second Department. On October 24, 2005, that motion was denied. Mr. Mickens then requested leave to appeal to the New York Court of Appeals. On December 6, 2005, that request was dismissed.

On December 22, 2005, Mr. Mickens commenced this petition. He asserts two purported grounds of relief: (1) ineffective assistance of counsel; and (2) a violation of his right to a speedy trial. Although not pled as a separate ground for relief, Mr. Mickens also asserts: (3) actual innocence.

## DISCUSSION

I. Federal Habeas Review of State Convictions

Mr. Mickens filed this action after the April 24, 1996, effective date of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, the AEDPA's provisions apply to his case. See Williams v. Taylor, 529 U.S. 362, 402, 120 S. Ct. 1479, 1518, 146 L. Ed. 2d 389 (2000). Under the provisions of 28 U.S.C. § 2254(d), a habeas corpus application must be denied unless the state court's adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This deferential review is applied as long as the "federal claim has been 'adjudicated on the merits' by the

state court." Cotto v. Herbert, 331 F.3d 217, 231 (2d Cir. 2003). "A state court adjudicates a petitioner's federal constitutional claims on the merits when it (1) disposes of the claim on the merits, and (2) reduces its disposition to judgment." Norde v. Keane, 294 F.3d 401, 410 (2d Cir. 2002) (internal citations and quotations omitted).

"Clearly established federal law refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision." Howard v. Walker, 406 F.3d 114, 122 (2d Cir. 2005) (internal citations and quotations omitted). A decision is "contrary to" established federal law if it either "applies a rule that contradicts the governing law set forth in" a Supreme Court case, or it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [their] precedent." Penry v. Johnson, 532 U.S. 782, 792, 121 S. Ct. 1910, 150 L. Ed. 2d 9 (2001) (internal quotations and citations omitted). A decision is an "unreasonable application of" clearly established Supreme Court precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Penry, 532 U.S. at 792. Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law

erroneously or incorrectly. Rather that application must also be unreasonable." <u>Williams</u>, 529 U.S. at 411.

In addition, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Thus, Mr. Mickens bears the burden of "rebutting the presumption of correctness by clear and convincing evidence." <u>Id.</u>

## II. <u>Ineffective Assistance of Counsel Claims</u>

Mr. Mickens asserts ineffective assistance of counsel. Specifically, Mr. Mickens claims that his counsel improperly advised him to plead guilty, instead of undertaking an independent investigation which – Mr. Mickens contends – would have revealed Mr. Mickens' actual innocence. In addition, Mr. Mickens contends that his counsel should have filed an "exparte Application to the Court" that, Mr. Mickens believes, would have afforded him relief.

Neither of these claims have any merit. It is undisputed that Mr. Mickens pled guilty. In so doing, Mr. Mickens "waived all claims of ineffective assistance of counsel relating to events prior to the guilty plea that did not affect the voluntariness of his plea." <u>Vasquez v. Parrott</u>. 397 F. Supp. 2d 452, 463 (S.D.N.Y. 2005). None of Mr. Mickens' claims challenge the voluntariness of his plea. Nor could they, as the evidence overwhelmingly shows that Mr. Mickens' plea was knowing, voluntary and intelligent. <u>See</u> <u>supra</u> 3-4. Thus, even if Mr. Mickens' counsel behaved ineffectively, Mr. Mickens waived this claim by voluntarily,

7

knowingly, and intelligently pleading guilty.

Mr. Mickens does raise one potentially viable claim under the ineffective assistance of counsel framework. Specifically, he alleges that the 1611 Indictment was defective because it charged him with crimes first charged in the 2624 Indictment, which Mr. Mickens claims was dismissed in his favor. On the surface, this is a valid double jeopardy claim. The 2624 Indictment and the 1611 Indictment charged Mr. Mickens with identical counts of Burglary in the First Degree, Robbery in the First Degree, and Resisting Arrest, in connection with the crimes committed at 18 Antarctic Street. And a defendant who pleads guilty does not waive his right to contest double jeopardy where, "on its face," the relevant indictment purports to charge a crime "which the State may not constitutionally prosecute." Menna v. New York, 423 U.S. 61, 63 n.2, 96 S. Ct. 241, 46 L. Ed. 2d 195 (1975).

The documentary record itself is inconclusive concerning whether the 2624 Indictment was dismissed in Mr. Mickens' favor. A cryptic entry in the New York State Identification and Intelligence System indicates that the 2624 Indictment was terminated "in favor of accused." And the Certificate of Disposition stamped by Court Clerk Judith A. Pascale likewise indicates the 2624 Indictment's dismissal "is a termination of the criminal action in favor of the accused." Conversely, the original criminal case jacket, and Respondent's own internal CORTS system,

indicates that the 1611 Indictment validly superceded the 2624 Indictment.  Based on this documentary evidence alone, the Court would need an evidentiary hearing to determine the 1611 Indictment's validity.

Fortunately, the Court does not have to rely solely on this evidence.  Respondent blames a clerical error for the representations in the state court records indicating that the Court dismissed the 2624 Indictment in Mr. Mickens' favor. And Mr. Mickens' original habeas petition confirms Respondent's story. Specifically, Mr. Mickens admitted that the 1611 Indictment "superceded" the 2624 Indictment, and that the Court verbally granted the Government's motion to consolidate the two indictments (which Mr. Mickens contended was procedurally improper). (Petition at ¶¶ 3-5).  Thus, notwithstanding the conflicting documentary evidence, the Court relies upon Mr. Mickens' own recollections and admissions to find that the 1611 Indictment superceded the 2624 Indictment.  And, accordingly, the Court finds that Mr. Mickens guilty plea did not implicate any double jeopardy concerns.[2]

---

[2] Mr. Mickens' memorandum also references the well known rule of law that an attorney who disregards his client's specific instructions to file an appeal is Constitutionally ineffective. But Mr. Mickens never actually claims that he instructed his attorney to appeal.  And, in pleading guilty, Mr. Mickens specifically waived his right to appeal.  (Plea Tr. 11-12).

III. Speedy Trial

Mr. Mickens also contends that his Constitutional right to a speedy trial was violated. This argument is frivolous. Mr. Mickens pled guilty, waiving his right to a trial and to an appeal. In so doing, he also waived his right to a speedy trial. U.S. v. Coffin, 76 F.3d 494, 496 (2d Cir. 1996) ("Because a defendant's right to a speedy trial is nonjurisdictional, a knowing and voluntary guilty plea waives a speedy trial claim unless the defendant specifically reserves the right to appeal."). In any event, the crimes in question occurred on November 28, 2000. Mr. Mickens pled guilty roughly eleven months later. Respondent contends that this "delay" resulted from Mr. Mickens himself requesting extensions. But even if this is not the case, a "delay" of less than a year does not implicate Mr. Mickens' Constitutional right to a speedy trial. See Colon v. Perlman, 01-CV-10748, 2005 WL 181614, *1 (S.D.N.Y. 2005).

IV. Actual Innocence

Mr. Mickens also asserts an actual innocence claim. A guilty plea, such as Mr. Mickens', is subject to collateral attack if it can be shown that the plea "has probably resulted in the conviction of one who is actually innocent." Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). In this regard, although Mr. Mickens must show that "it is more likely than not that no reasonable juror would have convicted

him," his actual innocence claim depends upon him showing "factual innocence, not mere legal insufficiency." Id. Thus, Mr. Mickens must put forth "new reliable evidence that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Lucidore v. New York State Div. of Parole, 209 F.3d 107, 114 (2d Cir. 2000) (citations and quotations omitted). This standard "remains the same" even though Mr. Mickens pled guilty instead of proceeding to verdict. Id.

Here, Mr. Mickens puts forth no new evidence. Instead, Mr. Mickens' actual innocence claim appears to rely upon: (1) physical discrepancies between the victim's original description of the perpetrator and Mr. Mickens; (2) the general unreliability of eye witness testimony; (3) an implausible story that the police planted one of Mr. Mickens' smoked cigarettes at the scene in an attempt to manufacture DNA evidence; (4) an equally implausible claim that the police planted his blood at the crime scene; and (5) alleged inconsistencies in the statements and testimony of the relevant police officers. Mr. Mickens does not explain how any of these supposed facts concern "new evidence." To the extent that the eye witness' initial physical description of the burglar differed from Mr. Mickens, or her ability to see the burglar clearly was compromised due to bad lighting, Mr. Mickens had the opportunity to attempt to impeach her at trial. Likewise, if Mr.

11

Mickens was, in fact, actually innocent, then, prior to his guilty plea, he must have "known" any of his DNA found at the crime scene was planted, and could have sought to impeach any testifying officers on that basis. And, similarly, if the officers' previous statements, reports, and sworn testimony contained contradictions, there is no reason why Mr. Mickens could not have sought to impeach them on that basis as well. Thus, none of Mr. Mickens' claims concern truly "new evidence." And, in any event, Mr. Mickens puts forth nothing that would show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Lucidore, 209 F.3d at 114.

## CONCLUSION

For the foregoing reasons, Mr. Mickens' petition brought pursuant to 28 U.S.C. § 2254 is DENIED. Mr. Mickens other pending motions are DENIED AS MOOT. A Certificate of Appealability is DENIED. The Clerk of the Court is instructed to mark this matter as closed.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
       November  4 , 2009